UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-53-RJC

| | |
|---|---|
| BRANDON LEON WILSON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| RUDOLF RODRIGUEZ, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Second Motion to Appoint an Investigator, (Doc. No. 6), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 7).

In this matter, filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges that while he was a pre-trial detainee at Cleveland County Detention Center, detention officer Defendant Rudolf Rodriguez assaulted him. Specifically, Plaintiff alleges that on May 12, 2010, Rodriguez choked Plaintiff and punched him in the face while Plaintiff's hands and legs were restrained. Plaintiff alleges that former Internal Affairs investigator Defendant Darwin Briscoe has refused to give Plaintiff access to reports investigating the incident. Plaintiff further alleges that Defendant Alan Norman, the Cleveland County Sheriff at all relevant times, refused Plaintiff's request to remove Defendant Rodriguez from his current position and to reinvestigate the case.

In support of the second motion to appoint an investigator, Plaintiff states that he is seeking $5,200.00 in indigent funds to retain an investigator to investigate and obtain certain documents. The Court denied Plaintiff's first motion to appoint an investigator because he did not articulate what documents he is attempting to obtain or why he needs to obtain those documents. Plaintiff now says he is seeking the following documents: (1) complaints against

Defendant Rodriguez; (2) disciplinary actions by the Cleveland County Detention Center; (3) reports regarding the alleged assault on May 12, 2010; (4) any reports that were used in investigating Defendant Rodriguez; (5) documents in the possession of Defendant Briscoe; (6) proof that Briscoe was employed by Internal Affairs; (7) all grievances made by Plaintiff; (8) all grievances made by Plaintiff that were determined to be frivolous or absurd; (9) Cleveland County Detention Center rules and regulations regarding treatment of pre-trial detainees; (10) Cleveland County Detention Center rules and regulations regarding policies regarding training detention officers; (11) all complaints about Defendant Rodriguez received by Defendant Sheriff Norman; and (12) rules on the "steps and force a detention officer may use on a prisoner." (Doc. No. 6 at 2).

Plaintiff may seek discovery of most of the above documents from Defendants without the aid of an investigator. Furthermore, Plaintiff has possession or knowledge of his own grievances. The Court finds that Plaintiff has not shown that an investigator is necessary for Plaintiff's prosecution of his lawsuit. Therefore, the Court denies Plaintiff's second motion seeking indigent funds for appointment of an investigator, (Doc. No. 6).

Next, as to Plaintiff's motion for appointment of counsel, there is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Second Motion to Appoint an Investigator, (Doc. No. 6), is **DENIED**.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), is **DENIED**.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

3