UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-53-RJC

| | |
|---|---|
| BRANDON LEON WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| RUDOLF RODRIGUEZ, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the following motions by Plaintiff: (1) a "Motion for Defendant Darwin Briscoe to Produce Documents, (Doc. No. 12); (2) a "Motion for the Court to Review Service of Process," (Doc. No. 16); a "Second Motion to Appoint Counsel," (Doc. No. 19); a "Motion for Production of Documents," (Doc. No. 22); a "Motion to Move for Production of Documents," (Doc. No. 23); and a "Motion for Sanctions against Defendants for Failure to Comply with Court Order," (Doc. No. 37). Also before the Court is a "Motion to Strike Response" by Defendants Darwin Briscoe, Alan Norman, and Rudolf Rodriguez, (Doc. No. 33). Finally, Defendants have filed a motion for summary judgment, which is ready for disposition, (Doc. No. 27), and Plaintiff has filed a motion for extension of time to file a brief in response to the summary judgment motion until after the Court rules on the pending discovery motions, (Doc. No. 38).

I.     BACKGROUND

In this matter, filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges that while he was a pre-trial detainee at the Cleveland County Detention Center, detention officer Defendant Rudolf

1

Rodriguez assaulted him. Specifically, Plaintiff alleges that on May 12, 2010, Rodriguez choked Plaintiff and punched him in the face while Plaintiff's hands and legs were restrained. Plaintiff alleges that former Internal Affairs investigator Defendant Darwin Briscoe refused to give Plaintiff access to reports investigating the incident. Plaintiff further alleges that Defendant Alan Norman, the Cleveland County Sheriff at all relevant times, refused Plaintiff's request to remove Defendant Rodriguez from his current position and to reinvestigate the case. Plaintiff has asserted the following claims for relief: (1) an excessive force claim against Defendant Rodriguez; (2) a claim against Sheriff Norman for his failure to fire Rodriguez or to reinvestigate Plaintiff's allegations against Rodriguez; and (3) a claim against Defendant Briscoe for his failing to provide Plaintiff with Internal Affairs records. Defendants filed a motion for summary judgment on all of Plaintiff's claims on May 6, 2013. On July 3, 2013, In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the necessity of filing responses to Defendants' summary judgment motion and of the manner in which evidence could be submitted to the Court.[1] (Doc. No. 36). On July 10, 2013, Plaintiff filed the pending motion for an extension of time in which to file a brief in response to the summary judgment motion.

   II.   **DISCUSSION**

   A. **Plaintiff's Motion for Defendant Darwin Briscoe to Produce Documents, Motion for the Court to Review Service of Process, and Motion for Production of Documents (Docket Numbers 12, 16, and 22)**

---

[1] Plaintiff filed a brief in response to the summary judgment motion before the Court issued its Roseboro order.

The Court first addresses the following three motions brought by Plaintiff: (1) Motion for Defendant Darwin Briscoe to Produce Documents, (Doc. No. 12); (2) Motion for the Court to Review Service of Process, (Doc. No. 16); and (3) Motion for Production of Documents from Darwin Briscoe, (Doc. No. 22). As to these three motions filed by Plaintiff, Plaintiff states in these motions that he seeks an order from the Court requiring Defendant Briscoe to prove that Defendant Briscoe was working for Internal Affairs at the time of the investigation into the alleged assault by Defendant Rodriguez.[2] See (Doc. No. 12 at 1). Plaintiff also seeks an order from the Court requiring Defendant Briscoe to "turn over all reports concerning the incident including any and all statements made about [the] incident." (Doc. No. 16 at 4). Plaintiff alleges that, in response to a request for the investigative report, Defendant Briscoe denied the request on October 14, 2011, stating that Plaintiff was not entitled to the full disclosure of administrative investigations. (Doc. No. 27-6 at 16).

In response to Plaintiff's motions, Defendants state that they are seeking a stay of discovery until after the Court has ruled on the issue of qualified immunity that Defendants raise in their summary judgment motion. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Lescs v. Martinsburg Police Dep't, 138 F. App'x. 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). The Court will not require Defendants to disclose the documents that Plaintiff seeks at this time, but will determine, after addressing the

---

[2] Plaintiff theorizes that Defendant Briscoe was not working for Internal Affairs when the alleged assault took place, but that he falsely told Plaintiff that he was in order to "cover up for Office Rodriguez." (Doc. No. 16 at 4). Plaintiff states that he believes that, on all relevant dates, Defendant Briscoe was actually employed as a Lieutenant with the Cleveland County Sheriff's Department.

qualified immunity issue on summary judgment, whether Plaintiff is entitled to these documents. Thus, the Court will deny these three motions filed by Plaintiff at this time.

### B. Plaintiff's "Motion to Move for Production of Documents" (Docket Number 23)

Next, in a "Motion to Move for Production of Documents," filed on April 5, 2013 (Doc. No. 23), Plaintiff states that he would like for the Court to consider certain attachments to the motion in assessing Plaintiff's excessive force claim. Plaintiff essentially states that he wants an Order from the Court entering these attachments as exhibits. Additionally, Plaintiff states that he wants an Order from the Court requiring Defendants to submit their policy on the use of force an officer may apply on an inmate. Plaintiff further states that he "moves court to produce any and all certifications of training the defendant may [have] had as well as officers mentioned in supporting documents, since Plaintiff was in defendants' custody." (Doc. No. 23 at 1).

The Court will deny the motion. First, to the extent that Plaintiff is asking the Court to enter as "exhibits" certain documents that Plaintiff has attached to this motion, the Court need not enter an Order attaching these documents as exhibits. Rather, the Court will simply consider the attached documents as part of Plaintiff's exhibits in opposing Defendants' summary judgment motion. These attached documents include incident reports dated May 12, 2010, filled out by various detention officers and officials at the jail. See (Doc. No. 23-1). Next, to the extent that Plaintiff seeks an Order from the Court requiring Defendants to submit their policy on the use of force an officer may use on an inmate, the request is also denied at this time, as the Court will not require Defendants to produce any more discovery until the Court has ruled on the qualified immunity issue on summary judgment.

### C. Plaintiff's Second Motion to Appoint Counsel (Docket No. 19)

Next, as for Plaintiff's Second Motion to Appoint Counsel, the Court will deny the motion for the same reasons that the Court denied Plaintiff's first motion to appoint counsel. The Court will re-evaluate the motion and will consider appointing counsel to Plaintiff, however, if Plaintiff is able to withstand Defendants' summary judgment motion, and if this matter goes to trial.

### D. Plaintiff's Motions for Sanctions against Defendants for Failure to Comply with Court Order (Docket No. 37)

Next, in support of his Motion for Sanctions against Defendants for Failure to Comply with Court Order, Plaintiff contends that Defendants have failed to comply with Plaintiff's request for depositions as ordered in this Court's pre-trial conference and scheduling order. Plaintiff contends that he requested depositions from Defendants Darwin Briscoe, Alan Norman, and Rudolf Rodriguez on two separate dates—June 13, 2013, and June 26, 2013. Plaintiff states that without these materials he cannot provide adequate defense against Defendants' summary judgment motion. Plaintiff seeks dismissal of Defendants' summary judgment motion as a sanction. Plaintiff further states that, alternatively, he would like for Defendants to produce voluntarily to the Court all reports and surveillance videos surrounding the incident, including incident reports made by staff, e-mail correspondences between the former sheriff and investigating officers, and Defendants' criminal background histories.

Plaintiff's motion for sanctions will be denied. First, the Court notes that Plaintiff has not filed a motion to compel Defendants to submit to depositions in accordance with Rule 37 of the Federal Rules of Civil Procedure before bringing the pending motion for sanctions. See FED. R.

CIV. P. 37. Furthermore, according to Defendants, Plaintiff did not notice the depositions of Defendants Briscoe, Norman, and Rodriguez in accordance with Rule 30(b) of the Federal Rules of Civil Procedure. Plaintiff simply requested depositions without indicating the time or location of the depositions. Finally, Defendants Briscoe, Norman, and Rodriguez note that although they did not agree to have their depositions taken, they did respond to Plaintiff's written discovery requests, which courts recognize as a more practical way of conducting discovery in prison cases. See McConnell v. Pepp, No. 89 Civ. No. 2604, 1991 WL 50965, at *1 (S.D.N.Y. Apr. 3, 1991) (stating that "considering that plaintiff is an incarcerated prisoner proceeding in forma pauperis, the service of interrogatories by plaintiff is a more practical means of discovery" than a request for production or a deposition). As Defendants note, it is unclear whether Plaintiff has the means to arrange to pay for depositions. The Court finds that Defendants' responses to Plaintiff's written discovery requests were sufficient to comply with discovery. Therefore, the Court will deny Plaintiff's motion for sanctions, and the Court will not require Defendants Briscoe, Norman, and Rodriguez to appear for depositions.

### E. Defendants' Motion to Strike Response (Docket No. 33)

Next, Defendants Briscoe, Norman, and Rodriguez have filed a motion to strike Plaintiff's "Second Response to Defendant[s'] Motion for Summary Judgment," filed on June 13, 2013. Defendants state that Plaintiff's second response is in fact a Surreply, and Plaintiff did not first seek leave from the Court to file such document. Defendants note correctly that neither the Federal Rules of Civil Procedure nor the Local Rules of this district authorize the filing of a Surreply. The Court will deny the motion as unnecessary, however, given that Defendants admit in their motion that Plaintiff simply reiterates arguments he previously made in his first response brief.

**IT IS, THEREFORE ORDERED** that:

1. The following motions by Plaintiff are **DENIED**: (1) "Motion for Defendant Darwin Briscoe to Produce Documents, (Doc. No. 12); (2) "Motion for the Court to Review Service of Process," (Doc. No. 16); "Second Motion to Appoint Counsel," (Doc. No. 19); "Motion for Production of Documents," (Doc. No. 22); "Motion to Move for Production of Documents," (Doc. No. 23); and "Motion for Sanctions against Defendants for Failure to Comply with Court Order," (Doc. No. 37).

2. The "Motion to Strike Response" by Defendants Darwin Briscoe, Alan Norman, and Rudolf Rodriguez, (Doc. No. 33), is **DENIED**.

3. Plaintiff's Motion for Extension of Time, (Doc. No. 38), is **GRANTED** nunc pro tunc. Now that the Court has ruled on the pending discovery motions, Plaintiff shall have <u>thirty days</u> in which to submit his brief in response to Defendants' summary judgment motion, as well as any material in opposition to the summary judgment motion.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge

8